**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony J. VESICH, Jr.,
Defendant-Appellant.**

**No. 83–3199.**

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1984.

Daniel J. Markey, Jr., New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Harry W. McSherry, Ronald A. Fonseca, Lance M. Africk, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

(Opinion January 24, 1984, 5th Circuit, 724 F.2d 451)

ON PETITION FOR REHEARING

Before RUBIN, GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:

Defendant Vesich moves for rehearing of our affirmance of his conviction for violation of 18 U.S.C. §§ 1503 and 1623. Defendant brings to our attention that our prior opinion does not specifically discuss his claim that he was improperly denied a bill of particulars specifying the pending judicial proceeding obstructed by him. We have again considered this issue and find it to be without merit.

The purpose of a bill of particulars is to inform the defendant of the charge against him in sufficient detail to enable him to prepare his defense and to minimize surprise at trial. *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983); *United States v. Hawkins,* 661 F.2d 436, 451–52 (5th Cir.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2274, 73 L.Ed.2d 1287, 457 U.S. 1137, 102 S.Ct. 2967, 73 L.Ed.2d 1355, 459 U.S. 832, 103 S.Ct. 72, 74 L.Ed.2d 71 (1982); *United States v. Diecidue,* 603 F.2d 535, 563 (5th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980). The denial of a bill of particulars is within the sound discretion of the trial judge and can be reversed only when the defendant was actually surprised at trial and prejudiced in his substantial rights. *Montemayor* at 117.

Vesich has not alleged that he was surprised at trial, and it plainly appears that he was not. Defendant's counsel were provided with a pretrial memorandum by the government acknowledging the "pendency" requirement of 18 U.S.C. § 1503 and detailing the facts establishing pendency. The government's proof at trial closely tracked the memorandum and the trial court's instructions, to which defendant made no relevant objection, submitted the case to the jury in a manner consistent with the prosecution's theory as outlined in the memorandum. Therefore, defendant was given adequate notice.

The remaining contentions of defendant relate to matters adequately addressed in our original opinion.

The petition for rehearing is denied. No further petition for rehearing will be entertained.

DENIED.