**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Oscar W. WESLEY and Velma Cooper,**
**Defendants-Appellants.**

No. 84–3287.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1984.

J. Michael McDonald (Court-Appointed), Baton Rouge, La., for Wesley.

David E. Stanley (Court-Appointed), Baton Rouge, La., for Cooper.

Stanford O. Bardwell, U.S. Atty., Merrick J. Norman, Jr., Asst. U.S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before RUBIN, TATE, and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge: *

Of the numerous issues raised by the defendants on appeal, only one has precedential value.

Oscar Wesley appeals from his conviction of possessing a firearm after having been convicted of a felony, influencing the due administration of justice, and tampering with a witness. His co-defendant, Velma Cooper, appeals from her conviction of obstructing the due administration of justice. We conclude that the defendants were properly charged under both 18 U.S.C. §§ 1503 and 1512, that § 1503 is applicable to obstruction of the administration of justice by attempts to influence witnesses and has not been superseded in this regard by § 1512, and that the evidence was sufficient to support their convictions. We therefore affirm on all counts.

\*  \*  \*  \*  \*  \*

## I.

Finally, Wesley argues that his convictions under both 18 U.S.C. § 1503 (obstruction of justice) and 18 U.S.C. § 1512 (threatening a witness) are multiplicious and violative of the double jeopardy clause of the fifth amendment. He contends that, because Cheryl Berry was a potential witness and § 1512 explicitly proscribes threats against potential witnesses, he can be convicted only of violating § 1512, but not for obstructing the due administration of justice. This argument ignores the plain words of the statute and misinterprets the legislative history behind § 1512.

Before 1982, 18 U.S.C. § 1503 [1] was entitled "Influencing or injuring officer, juror or witness generally," and it prohibited influencing or intimidating, "any witness . . . grand or petit juror, or [court] officer" in the discharge of his duty. The section also contained a residual clause prohibiting anyone from obstructing or attempting to obstruct the "due administration of justice." In 1982, Congress amended § 1503, and removed all references to witnesses.[2] At

---

\* Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens the legal profession." Pursuant to that rule the Court has determined that the non-precedential portions of this opinion should not be published.

The places at which the published opinion omits parts of the lengthy unpublished opinion are indicated by asterisks.

1. The pre-1982 version of 18 U.S.C. § 1503 provided as follows:

Whoever corruptly, or by threats of force, or by any threatening letter of communication, endeavors to influence, intimidate, or impede any witness in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on ac-

count of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force or by any threatening letter of communication, influences, obstructs or impedes, or endeavors to influence, obstruct or impede, the due administration of justice shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. 18 U.S.C. § 1503 now provides as follows:

Whoever corruptly, or by threats of force, or by any threatening letter of communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats of force, or by any threatening letter of communication,

the same time, it also enacted 18 U.S.C. § 1512 which focuses solely on the protection of witnesses, informants and crime victims from intimidation.[3] The safeguards afforded by § 1512 are both more extensive and more detailed than those given by § 1503. Congress did not, however, remove the residual clause of § 1503 in its 1982 amendments.

▮▮▮▮ The Second Circuit in *United States v. Hernandez,*[4] found that, "Congress affirmatively intended to remove witnesses entirely from the scope of § 1503," [5] and held that witness intimidation could be prosecuted only under § 1512 and not § 1503. The court compared the language of the pre-1982 and post-1982 versions of § 1503, and determined that any other conclusion would "defy common sense" and "run contrary to the legislative history of § 1512." [6]

We disagree. By enacting § 1512 to address certain kinds of witness intimidation, and simultaneously deleting from § 1503 all references to witnesses, we find no indication that Congress intended that threats against witnesses would fall exclusively under § 1512 and were exempt from prosecution under § 1503. The facts of this case provide a graphic example of the soundness of this conclusion. Count III of the indictment charges Wesley with obstructing justice in violation of § 1503, "by urging and advising" Cheryl Berry to testify falsely. If urging a witness to commit perjury is not prohibited by § 1512, and if witnesses have been removed entirely from the scope of § 1503, then the conduct with which Wesley is charged would violate neither section. There is simply no indication that, by enacting § 1512 to broaden the protection afforded witnesses, Congress intended to create such a gap in the statutory protection already available under § 1503.

This circuit has previously recognized the continued scope of § 1503 in *United States v. Vesich,*[7] in which the court upheld a conviction under the residual clause of

---

influences, obstructs or impedes, or endeavors to influence, obstruct or impede, the due administration of justice shall be fined not more than $5,000 or imprisoned not more than five years, or both.

**3.** 18 U.S.C. § 1512 provides in pertinent part:

(a) Whoever knowingly uses intimidation or physical force, or threatens another person or attempts to do so, or engages in misleading conduct toward another person with intent to—

(1) influence the testimony of any person in an official proceeding;

(2) cause or induce any person to—

(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

(C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

(E) be absent from an official proceeding to which such person has been summoned by legal process; or

(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be fined not more than $25,000 or imprisoned not more then ten years, or both.

(b) Whoever intentionally harasses another person and thereby hinders, delays, prevents or dissuades any person from—

(1) attending or testifying in an official proceeding;

(2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

(3) arresting or seeking the arrest of another person in connection with a Federal offense; or

(4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined not more than $25,000 or imprisoned not more than one year, or both.

**4.** 730 F.2d 895 (2nd Cir.1984).

**5.** *Id.* at 899.

**6.** *Id.*

**7.** 724 F.2d 451 (5th Cir.), *petition for reh'g denied,* 726 F.2d 168 (1984).

§ 1503 for advising a witness to perjure himself. The opinion applied the pre-1982 version of § 1503 in reaching its decision, but it particularly noted that, although the 1982 amendments "deleted all references to 'witness' in section 1503 and replaced them with separate statutory provisions," section 1512 "did not alter the 'due administration' clause of section 1503." [8] The opinion further noted that, "[w]e have defined the term 'administration of justice' as including or consisting of 'the performance of acts required by law in the discharge of duties such as appearing as a witness and giving truthful testimony when subpoenaed.'" [9]

Similarly, the district court in *United States v. Beatty*,[10] although bound by *Hernandez*, reached the same conclusion as the court in *Vesich*. In *Beatty*, the defendant was charged with "urging, suggesting and instructing witnesses to give false and misleading testimony before the grand jury and [with] giving disguised and misleading handwriting exemplars in response to orders of the grand jury in violation of 18 U.S.C. § 1503." [11] Citing *Hernandez*, the defendant argued that his conduct violated only § 1512, and that the count of the indictment charging him with violating § 1503 should be dismissed.

The court rejected this argument, relying primarily on the legislative history of § 1512. The court concluded:

> [i]t is clear that Congress intended to broaden the protection of witnesses by enacting § 1512. That is not to say, however that it intended to diminish the scope of § 1503 insofar as it aimed at preventing obstruction of justice.... It is interesting to note in this regard that § 1512 contains *no reference to impeding or obstructing the due administration of justice.*[12]

We recognize that Congress ultimately enacted the House version of § 1512, whose history is different from that of the Senate bill, referred to in *Beatty*. Nonetheless, based on the words of the statute, which appear to be clear, we endorse the result reached in *Beatty*. Therefore, we find that Wesley was properly charged with both obstruction of justice under § 1503 and with intimidating a witness under § 1512. For the same reason, we also find the conviction of Cooper under § 1503 not to be beyond the reach of that section.

For these reasons, the decision of the district court is AFFIRMED.

---

8. *Id.* at 453–54 n. 1.

9. *Id., quoting, United States v. Howard,* 569 F.2d 1331, 1334 n. 4 (5th Cir.), *cert. denied,* 439 U.S. 834, 99 S.Ct. 116, 58 L.Ed.2d 130 (1978), *quoting, United States v. Partin,* 522 F.2d 621, 641 (5th Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977).

10. 587 F.Supp. 1325 (E.D.N.Y.1984).

11. *Id.* at 1329.

12. *Id.* at 1333.