No. 84–6156. COOPER *v.* UNITED STATES; and
No. 84–6249. WESLEY *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. Reported below: 748 F. 2d 962.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Before 1982, 18 U. S. C. § 1503 (1976 ed.) prohibited influencing or intimidating "any witness, in any court of the United States," or any juror or court officer in the discharge of his or her duty. The section also contained a residual clause forbidding anyone to obstruct or attempt to obstruct the "due administration of justice." In 1982, Congress amended § 1503 to remove all references to witnesses. At the same time, it enacted the Victim and Witness Protection Act, 18 U. S. C. § 1512, addressed specifically to protecting witnesses, informants, and crime victims from harassment and intimidation. Congress did not, however, remove from § 1503 the residual "obstruction of justice" clause.

Petitioners in these cases were charged with violating both § 1503 and § 1512 by attempting to influence a witness to testify falsely. They argued that such conduct could no longer support a conviction under § 1503, because § 1512 was now the only statute covering witness tampering. The Court of Appeals for the Fifth Circuit rejected this contention and affirmed petitioners' convictions under § 1503, reasoning that certain kinds of witness tampering could still be reached under the provision's "obstruction of justice" clause. 748 F. 2d 962 (1984). The court observed that § 1512 did not proscribe "urging and advising" a witness to testify falsely, which was the conduct that was charged to have violated § 1503 in these cases. If urging a witness to commit perjury was not prohibited by § 1512, and if witnesses had been removed entirely from the scope of § 1503, the conduct with which petitioners were charged would violate neither section. The Court of Appeals saw no indication that in enacting § 1512 to broaden witness protection, Congress had intended to create such a gap.

In reaching this result, the Court of Appeals explicitly rejected the reasoning of *United States* v. *Hernandez,* 730 F. 2d 895 (CA2 1984). In that case, the Second Circuit vacated a conviction under § 1503 that was based on witness intimidation. Reviewing the language and legislative history of §§ 1503 and 1512, the court held that Congress "affirmatively intended to remove witnesses entirely from the scope of § 1503." *Id.,* at 898. The argument that the residual clause of that statute still covered witness harassment, the court stated, "def[ied] common sense." *Id.,* at 899.

The Courts of Appeals of two large Circuits have thus arrived at contrary interpretations of an important criminal statute. I would grant certiorari in these cases to resolve the conflict.