**STATE**

v.

**Juan TILSON.**

**No. 2000–432–C.A.**

Supreme Court of Rhode Island.

April 9, 2002.

Annie Goldberg, Aaron Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman/Paula Rosin/Michael DiLauro, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on March 7, 2002, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

The State of Rhode Island (state) appeals the dismissal of its two-count information against defendant, Juan Tilson (defendant). According to police reports, on February 4, 1999, defendant threatened Steven Feldhacker with an object that appeared to be a handgun. However, no gun was recovered during the investigation. The state subsequently filed a criminal information against defendant, charging him with one count of felony assault with a device substantially similar in appearance to a firearm, pursuant to G.L.1956 § 11–5–2.1.

The state and defendant began plea negotiations in July 1999. During plea-bar-

gaining, defendant offered to plead guilty to simple assault and battery if the state recommended to the court that he serve no jail time. The state, however, rejected this offer. On November 9, 1999, the day the trial was scheduled to begin, the prosecution met with defense counsel one last time to engage in plea negotiations. At this meeting, the state informed defendant that if he pled guilty to the felony, it would recommend that defendant serve no jail time. If, however, defendant chose to plead not guilty to the charge, the state advised defendant that it intended to dismiss the case, pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure, and recharge him with a two-count information, adding a count of assault with a dangerous weapon. The defendant rejected the state's offer.

Following defendant's rejection, the state moved, as promised, to dismiss the one-count information. A magistrate judge in the Superior Court granted the state's motion and denied defendant's request that the count be dismissed with prejudice. Shortly thereafter, the state filed a two-count information against defendant. The defendant then filed a motion to dismiss, arguing that his due process rights were violated by "prosecutorial vindictiveness." A Superior Court trial justice granted defendant's motion and the state filed a timely appeal.

The state argues that the trial justice erred in dismissing its two-count information against defendant because there was no evidence of any prosecutorial misconduct or prejudice to defendant. The state, moreover, asserts that it informed defendant at the time of the plea bargain of its intention to bring a two-count information against defendant if he failed to plead guilty.

■ "Vindictive prosecution" is an issue of first impression in Rhode Island.

Other courts that have considered the issue have determined that a defendant can prove vindictive prosecution either by producing evidence of actual vindictiveness "sufficient to show a due process violation" or by demonstrating that the circumstances of the case "warrant a presumption of vindictiveness." *United States v. Marrapese*, 826 F.2d 145, 147 (1st Cir. 1987) (citing *United States v. Goodwin*, 457 U.S. 368, 380 n. 12, 376, 102 S.Ct. 2485, 2492 n. 12, 2490, 73 L.Ed.2d 74, 85 n. 12, 82 (1982)). "[A]ctual vindictiveness requires 'objective evidence' that the prosecutor's actions were designed to punish a defendant for asserting his legal rights." *Maddox v. Elzie*, 238 F.3d 437, 446 (D.C.Cir.2001) (quoting *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C.Cir. 1987)). Such a showing, moreover, " 'is exceedingly difficult to make.' " *Id.* A presumption of vindictiveness, however, may be established "in cases in which a reasonable likelihood of vindictiveness exists." *Id.* (quoting *Goodwin*, 457 U.S. at 373, 102 S.Ct. at 2488, 73 L.Ed.2d at 80). If a defendant succeeds in creating a presumption of vindictiveness, the prosecutor then has the burden to show that objective reasons exist for the prosecution. *See Marrapese*, 826 F.2d at 147 (citing *Goodwin*, 457 U.S. at 376 n. 8, 102 S.Ct. at 2490 n. 8, 73 L.Ed.2d at 82 n. 8).

The United States Supreme Court has previously considered whether a defendant's due process rights are violated when a prosecutor re-indicts the accused on more serious charges after threatening to do so if defendant does not plead guilty. *See Bordenkircher v. Hayes*, 434 U.S. 357, 358, 98 S.Ct. 663, 665, 54 L.Ed.2d 604, 607 (1978). In that case, the Court stated:

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort * * * and for an agent of the

State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.' * * * But in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* at 363, 98 S.Ct. at 668, 54 L.Ed.2d at 610–11.

The Court further reasoned that:

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' * * * It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty. * * * In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file * * * generally rests entirely in his discretion." *Id.* at 364, 98 S.Ct. at 668, 54 L.Ed.2d at 611.

The Court emphasized that exercising some selectivity in enforcement does not violate the Constitution unless the selection was "based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Id.* at 364, 98 S.Ct. at 668–69, 54 L.Ed.2d at 611–12 (quoting *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962)).

In a subsequent Supreme Court case, the Court cited *Bordenkircher* for the proposition that "the Due Process Clause of the Fourteenth Amendment [does] not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged." *Goodwin*, 457 U.S. at 377, 102 S.Ct. at 2490–91, 73 L.Ed.2d at 83. The Court stated that "just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." *Id.* at 380, 102 S.Ct. at 2492, 73 L.Ed.2d at 85. Finally, the Court cautioned against "adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting." *Id.* at 381, 102 S.Ct. at 2492, 73 L.Ed.2d at 85. The Court advised,

"[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in *Bordenkircher*, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *Id.* at 382, 102 S.Ct. at 2493, 73 L.Ed.2d at 86.

Finally, in *United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 715 (1st Cir. 1995), the First Circuit declined to find vindictive prosecution when the government filed an information, seeking an enhancement of penalties, the day before jury selection. The court reasoned that "[w]hile such cliff-hanging practices are not wise, the filing was made before jury selection, and that is all that was required." *Id.* (citing *Kelly v. United States*, 29 F.3d 1107, 1110 (7th Cir.1994)).

In the instant case, the trial justice dismissed the state's two-count information, reasoning that:

"while this court accepts that Rule 48(a) grants the state discretion to dismiss a charge, there, nevertheless, are issues of due process which are involved. While [defendant] is represented by the Public Defender, one could only imagine the situation where if he had engaged private counsel, but has exhausted the means to do so, the case would be dismissed and recharged. The [defendant] would be in a situation where he might be required to again retain counsel at an expense to him. Given that there are no new facts which * * * came within the possession of the [state], or the police department in this particular matter, the facts remain the same. It appears to this [c]ourt that * * * the rights that [defendant] has to due process, were violated."

The trial justice, moreover, was concerned that the prosecution's actions in the case occurred so close to the beginning of trial, resulting in prejudice to defendant.

It does not appear, however, that the prosecutor's actions rose to the level of vindictiveness. We note first that the trial justice ruled based upon a set of facts not present here. The defendant had not "engaged private counsel." He was represented by the public defender. There was no evidence of actual vindictiveness or any circumstances that gave rise to a presumption of misconduct. The prosecutor warned defendant, in the course of plea negotiations, that she intended to bring the two-count information against him if he failed to plead guilty. Moreover, her reasons for doing so did not reflect any improper considerations, such as race or religion. Instead, the prosecutor explained:

"Quite candidly, in reviewing this case and preparing it, and the reason for the [s]tate's change * * * was that the [s]tate believed the more accurate charge of this case would have been to charge in the alternative, to have both counts charged based on case law, on issues involving the assault with a firearm, and what is or isn't necessary as far as evidence in those cases. * * * And from researching the case law, it seemed an appropriate avenue to go down."

A trial preparation worksheet clearly shows that the state had considered the more serious charge in the initial stages of the prosecution. It cannot be said, therefore, that the state acted with vindictiveness in bringing the two-count information. Instead, the prosecutor correctly used her discretion in deciding which charges to file against defendant.

Although we have concluded that there was no prosecutorial vindictiveness under these facts, we question the state's action in holding the defendant in jail for three weeks after failing to notify his attorney of the new information. We caution against such practice, absent justification, in similar cases.

Accordingly, the state's appeal is sustained. The judgment of the Superior Court is vacated. The case is remanded to the Superior Court for further proceedings consistent with this opinion.